PEOPLE *v*. GERMAINE.

1. INTOXICATING LIQUORS—ILLEGAL POSSESSION — EVIDENCE — ADMISSIBILITY.

In a prosecution for illegal possession of intoxicating liquor, where defendant, with another, was found by officers in an automobile and in actual possession of such liquor, but claimed that it belonged to his companion, evidence that on previous occasions his companion had furnished him liquor was properly excluded.[1]

2. SAME—ILLEGAL POSSESSION—QUESTION FOR JURY.

In such prosecution, where it was shown that defendant had attempted to destroy the liquor on the appearance of officers of the law, his claim that he was merely trying to destroy such liquor belonging to his companion, and that possession for such purpose was not unlawful, should have been submitted to the jury.[2]

[1]Intoxicating Liquors, 33 C. J. § 487; [2]Id., 33 C. J. § 546.

3. SAME—ATTEMPT TO DESTROY—STATUTES.

The statute (Act No. 53, Pub. Acts 1919) constituting the destruction of liquids in the face of a search, to prevent seizure by an officer authorized to make search and seizure, *prima facie* proof of its intoxicating qualities and of unlawful possession, is of little moment where the attempt to destroy the liquid was unsuccessful, it was produced in court, was intoxicating, and defendant was in actual possession thereof.[3]

4. SAME—DESTRUCTION OF LIQUOR—POSSESSION.

Possession of intoxicating liquor for the purpose of destroying it is not unlawful, but such destruction must not partake of sudden desire aroused by presence of officers to destroy evidence.[4]

5. SAME—ILLEGAL POSSESSION—INSTRUCTIONS.

An instruction that if defendant had knowledge that the owner and driver of an automobile in which defendant was riding by invitation had liquor in the car he was chargeable with such knowledge was erroneous, since to constitute illegal possession defendant must be shown to have had some degree of physical dominion or right of control.[5]

6. SAME.

If such intoxicating liquor belonged to defendant's companion, and defendant had possession only while taking drinks thereof, he was not guilty of illegal possession within the meaning of the prohibition law.[6]

7. SAME — ILLEGAL POSSESSION—DESTROYING EVIDENCE—INSTRUCTIONS—QUESTION FOR JURY.

An instruction that if defendant, on the approach of officers of the law, took a bottle of intoxicating liquor from the automobile in which he was riding and carried it from 40 to 60 feet in an attempt to destroy it he was guilty of illegal possession thereof was erroneous, since he was entitled, under conflicting testimony, to have his claimed defense and his good faith under all the circumstances submitted to the jury as questions of fact.[7]   SHARPE, STEERE, and McDONALD, JJ., dissenting.

Exceptions before judgment from Grand Traverse;

[3]Intoxicating Liquors, 33 C. J. § 478 (Anno); [4]Id., 33 C. J. § 198; [5]Id., 33 C. J. §§ 198, 547; [6]Id., 33 C. J. § 198; [7]Id., 33 C. J. §§ 198, 547, 549.

Gilbert (Parm C.), J.    Submitted January 14, 1926.
(Docket No. 147.)    Decided April 30, 1926.

William D. C. Germaine was convicted of violating the liquor law.    Reversed.

*Patchin & Duncan,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *J. J. Tweddle,* Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of a violation of the prohibition law, in having intoxicating liquor in his possession.    He denied unlawful possession and claimed that Joseph B. Bannon, chief witness for the prosecution, had the liquor in his automobile and invited defendant to ride with him.    Upon that issue of fact it is insisted the court was in error in refusing to permit defendant to show that on previous occasions Bannon had furnished him liquor.    The ruling was correct.    Such an issue might lead far afield and would involve comity between drinkers.

Defendant and Bannon drove into the country in the latter's automobile, and Bannon became so intoxicated that, when the car left the road, he slumped down at the steering wheel in a stupor.    An observer notified the sheriff, and when officers reached the scene, it is claimed defendant got out of the car with a bottle of liquor in his hand, walked to a tree, struck the bottle against the tree, then struck it against another tree and the bottle flew from his hand without breaking and was picked up by the officers, and, upon examination, was found to contain intoxicating liquor.

Defendant claimed he threw the bottle into some bushes, while the officers were removing his drunken companion from the car, and he was but trying to destroy liquor belonging to Bannon and his possession for such purposes was not unlawful.    It was, to say

234—Mich.—40.

the least, an inopportune time for defendant to join in prohibition enforcement, but he had an undoubted right to have his claim submitted to the jury. The statute, Act No. 53, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 7079 [28]), constituting the destruction of liquids in the face of a search, to prevent seizure by an officer authorized to make search and seizure, *prima facie* proof of intoxicating qualities and of unlawful possession, is of little moment here, for the liquor was not destroyed, was in court, was intoxicating, and defendant was in actual possession thereof.

This left his defense to stand as one of fact. One may, of course, destroy intoxicating liquor, and possession for such purpose only is not unlawful, but such destruction, or attempt, must not partake of a sudden desire, aroused by the presence of officers, to make away with evidence. Whether defendant had unlawful possession of the liquor, was a question of fact.

Error is assigned on the following instruction to the jury:

"It is probably just to say to you, and it is the law, that if this bottle of liquor was in Mr. Bannon's car, without the knowledge of the defendant, that he didn't know it was there, then he would not be responsible for its being there, that would not be a possession—simply having it in the car, although he might be riding in the same car, unless he knew it was there; but if he knew it was there and permitted it to be there and went along with Mr. Bannon, knowing it was there, then he is chargeable with that knowledge, you have a right to take that into consideration, bearing upon the question of whether he had it in possession, a man must be charged according to the knowledge he had of the circumstances and of what opportunity he had of knowing its presence there and of all the circumstances."

We think defendant justified in assigning error on this instruction. If the liquor belonged to Bannon, and defendant knew it was in the car, and yet rode

with Bannon, he would not be guilty of having possession of the liquor without something more being made to appear. Felonious possession of intoxicating liquor involves more than mere knowledge that the owner and driver of an automobile in which one is riding by invitation has liquor in the car. It necessarily contemplates some degree of physical dominion or right of control. It need not be the control incident to ownership, but it must be more than knowledge that another possesses intoxicating liquors.

We held in *People* v. *Archer*, 220 Mich. 552, that a housekeeper, with knowledge her employer had liquor in the house, was not guilty of having it unlawfully in her possession.

If the liquor belonged to Bannon, and defendant had possession only while taking drinks thereof, up to the time of the arrival of the officers, then defendant up to that time did not have it in his possession within the meaning of the prohibition law. *People* v. *Ninehouse*, 227 Mich. 480. If the liquor belonged to Bannon and defendant had no possession thereof, but when the officers arrived he took the bottle from the car seat for the purpose of destroying it, he was entitled to have such defense and his good faith under all the circumstances submitted to the jury upon the question of whether he unlawfully had possession of the liquor. Instead thereof the court instructed the jury:

"That if you believe the testimony of the people's witnesses in this case, that he had this bottle, that he was moving away from this car with it, went on the roadside with it, holding it in his hand in an attempt to break it or destroy it, so that he moved this distance of 40, 50, or 60 feet with it, that would be possession, and if you believe that, he is guilty, and you should convict him."

The conviction is reversed, and a new trial granted.

BIRD, C. J., and SNOW, FELLOWS, and CLARK, JJ., concurred with WIEST, J.

SHARPE, J. (*concurring*).   I concur in holding that the instruction that defendant might be convicted of the unlawful possession of liquor if, while riding in the car, he knew that Bannon had intoxicating liquor therein, was erroneous and warrants a reversal of the conviction.

It was defendant's claim that he threw the bottle while he was sitting in the car, and when he first discovered it.   The court charged the jury:

"You might see some man having a bottle of liquor or a jar of liquor and you would be perfectly justified in taking it and destroying it, understanding you were doing the right thing in destroying it, that would not be a breach or infraction of the law."

The officers testified that defendant got out of the car and carried the bottle from 40 to 60 feet before throwing it away.   The instruction that if the jury believed the testimony of the officers they should convict the defendant was, I think, fully justified.

STEERE and MCDONALD, JJ., concurred with SHARPE, J.