PEOPLE v WILLIAMS

Docket No. 114790. Submitted December 4, 1990, at Grand Rapids.
Decided March 18, 1991, at 9:40 A.M.

Ronald M. Williams was convicted of possession of less than fifty
grams of cocaine and of possession of a firearm during the
commission of a felony following a bench trial in the Detroit
Recorder's Court, Clarice Jobes, J., and was sentenced to prison
terms of two to four years for the cocaine conviction and two
years for the felony-firearm conviction. The defendant ap-
pealed.

The Court of Appeals *held:*

1. The prosecution proved that thirty-five packets seized in an
abandoned home from the defendant and another person con-
tained cocaine. On the basis of laboratory analysis of one of the
indistinguishable packets, an inference could be drawn that all
of the packets contained cocaine, regardless of whether the
tested packet was the one dropped by the person with the
defendant at the time of arrest or was one of thirty-four found
in a can at the same time.

2. Sufficient evidence was presented to allow the trial court
to find that the defendant had possessed the cocaine. The
defendant was discovered by police officers in an abandoned
home, apparently attempting to destroy packets of cocaine in a
can by burning them. The possession of contraband for the
mere purpose of destroying it is not unlawful. However, such
destruction must not be undertaken, as it was in this case, in
an effort to destroy evidence because of the presence of police
officers.

3. The trial court did not abuse its discretion in denying the
defendant's motion to dismiss on the basis of the prosecution's
alleged failure to provide him with a witness list thirty days
before trial, as required by MCL 767.40a(3); MSA 28.980(1)(3).
No authority exists to support the defendant's assertion that
noncompliance with the statute requires automatic dismissal.

REFERENCES

Am Jur 2d, Criminal Law §§ 774, 1010, 1011; Evidence § 292.
See the Index to Annotations under Disclosure; Lists or Listing;
Tampering with Evidence or Witnesses.

Furthermore, even if the prosecution failed to comply with the statute, the defendant failed to show any prejudice.

4. The trial court did not abuse its discretion at sentencing in assessing points under the sentencing guidelines for drug trafficking. The record adequately indicated evidence of drug trafficking.

Affirmed.

1. CRIMINAL LAW — DESTRUCTION OF CONTRABAND.

The possession of contraband for the mere purpose of destroying it is not unlawful; however, such destruction must not be undertaken in an effort to destroy evidence because of the presence of police officers.

2. PROSECUTING ATTORNEYS — WITNESS LISTS.

A prosecuting attorney's alleged noncompliance with the statutory requirement that, within thirty days of trial, a prosecuting attorney must provide the defendant a list of the witnesses the prosecuting attorney intends to produce at trial does not require dismissal of a case where the defendant fails to show any prejudice as a result of the noncompliance (MCL 767.40a(3); MSA 28.980[1][3]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Susan F. Reed,* for the defendant on appeal.

Before: GRIBBS, P.J., and REILLY and NEFF, JJ.

NEFF, J. Following a bench trial, defendant was convicted of possession of less than fifty grams of cocaine, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to the mandatory two-year consecutive term of imprisonment for the felony-firearm conviction and to two to four years' imprisonment for the possession of cocaine

conviction. Defendant now appeals as of right, and we affirm.

## I

Defendant's convictions arose out of events that occurred on August 26, 1987, in the City of Detroit. Two officers from the Detroit Police Department were on routine patrol when they noticed two men on the porch of an abandoned house.

The officers entered the house and went up a flight of stairs, shouting that they were police officers. Upon entering the upstairs living room, the officers encountered defendant and another man. Defendant was spraying lighter fluid into a small can on the floor. The other man, Xavier Fielder, was sitting on a milk crate, holding matches. When Fielder stood up, a plastic bag containing suspected cocaine dropped onto the floor from his lap. The officers confiscated this bag, as well as thirty-four similar packets from the can on the floor. One of these packets was later tested and found to contain cocaine.

When defendant was searched, the officer found a revolver in the rear pocket of defendant's pants and a plastic bag containing powder in another pocket. The officers also confiscated $263 from a small table located about two feet from defendant and Fielder.

## II

Defendant first contends that the prosecution failed to prove beyond a reasonable doubt that he had possessed the cocaine. We disagree.

In reviewing the sufficiency of the evidence presented at a criminal bench trial, this Court must

view that evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). The trier of fact may draw reasonable inferences from the evidence, but may not indulge in inferences unsupported by direct or circumstantial evidence. *Id.,* p 275.

Defendant argues that the prosecution failed to prove that the packets in the can contained cocaine because the officer combined those packets with the one that had fallen from Fielder's lap. However, the laboratory analysis stipulated to by defendant states that the evidence envelope contained thirty-five packets, each containing a lumpy, off-white material. There is no indication that the one packet from Fielder's lap was anything but a part of this larger lot. Here, a sample of thirty-five indistinguishable packets was tested and found to contain cocaine. An inference that the entire lot contained cocaine was appropriate, regardless of whether the tested packet came from Fielder's lap or the can on the floor. See *People v Kirchoff,* 74 Mich App 641, 647; 254 NW2d 793 (1977).

Defendant also argues that his presence in the room with the cocaine is not enough to prove possession. Something more than mere association must be shown to establish joint possession. The prosecution must show an additional independent factor linking the defendant with the drugs. *People v Davenport,* 39 Mich App 252, 257; 197 NW2d 521 (1972). Here, defendant was discovered by police officers in an abandoned home, crouching over a can containing packets of cocaine in an apparent attempt to destroy them. There was sufficient evidence presented to allow the trial

court to find that defendant had possessed the cocaine.

Defendant also suggests that the prosecution did not prove that he was not merely trying to destroy the contraband drugs. Defendant did not present this argument to the trial court, and it is therefore waived for appellate review. In any event, the issue is without merit. The possession of contraband for the mere purpose of destroying it is not unlawful. *People v Germaine,* 234 Mich 623, 626; 208 NW 705 (1926). Such destruction, however, must not be undertaken, "aroused by the presence of officers, to make away with evidence." *Id.* Had defendant presented this theory to the trial court, the court would have been justified in inferring that the attempt to burn the cocaine was an attempt to destroy evidence, not a civic-minded effort to destroy contraband.

### III

Defendant next contends that the prosecutor's failure to provide defendant or his counsel with a witness list thirty days before trial, as required by MCL 767.40a(3); MSA 28.980(1)(3), requires dismissal of the charges against him. We disagree.

MCL 767.40a(3); MSA 28.980(1)(3) provides:

> Not less than 30 days before the trial, the prosecuting attorney shall send to the defendant or his or her attorney a list of the witnesses the prosecuting attorney intends to produce at trial.

Defendant cites no authority for his argument that noncompliance with § 40a(3) requires automatic dismissal, and we can find none.

A trial court must exercise discretion in fashioning a remedy for noncompliance with a discovery

statute, rule, order, or agreement. *People v Clark,* 164 Mich App 224, 229; 416 NW2d 390 (1987). If indeed there was noncompliance with the statute, the trial court did not abuse its discretion in denying defendant's motion to dismiss, because defendant has failed to show any prejudice from such noncompliance. MCL 769.26; MSA 28.1096.

On October 24, 1988, the day of trial, defense counsel moved to have the case against defendant dismissed because she claimed that neither she nor defendant was served with a copy of the list of witnesses the prosecution intended to call at trial. It is noteworthy that counsel did not request an adjournment or any other relief short of dismissal to cure any perceived prejudice resulting from the failure to have the witness list in a timely fashion.

The prosecutor responded that he had given a witness list to counsel and the court on September 9, 1988, and that he had not been informed earlier that defense counsel had not received a copy of that list. In denying defendant's motion to dismiss the case, the trial judge noted that all of the witnesses were police officers and that because defendant was not denied discovery she did not see how defendant could have been prejudiced. We also note that a copy of the prosecutor's witness list, dated September 9, 1988, is contained in the lower court file.

Although she maintained that she had not received a witness list, defense counsel admitted that she had received discovery materials from the prosecutor. Moreover, all of the prosecutor's witnesses were police officers who had participated in the arrest. Defendant clearly had access to the police report filed in this case, because it was used to cross-examine one of the police officers. Under these circumstances, even if there was noncompliance with the statute, we fail to see how defendant

could have suffered prejudice. The trial court did not abuse its discretion in denying defendant's motion to dismiss.

IV

Defendant also contends that he is entitled to resentencing because the trial court erred in scoring offense variable sixteen. Defendant claims that there is no indication of drug trafficking in the record which would have supported a score of fifteen for offense variable sixteen. We disagree.

A sentencing judge has discretion in determining the number of points to be scored for any offense variables in the sentencing guidelines provided that there is evidence in the record which adequately supports a particular score. *People v Day,* 169 Mich App 516, 517; 426 NW2d 415 (1988).

The evidence in the record is sufficient to uphold the court's finding that circumstances indicated drug trafficking. When defendant was arrested, he was in joint possession of thirty-five packages of cocaine, a cutting agent, and a large amount of cash. The trial court did not err in scoring offense variable sixteen.

Affirmed.