# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
May 26, 2015

v

No. 316147
Macomb Circuit Court
LC No. 2012-004232-FC

TAIWAN PRATER,

Defendant-Appellant.

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery, MCL 750.529, and resisting or obstructing a police officer, MCL 750.81d. The trial court sentenced defendant to 51 months to 20 years' imprisonment for the robbery conviction and to time served (180 days) for the resisting or obstructing conviction. Defendant appeals as of right, and we affirm.

## I. SUBSTITUTION OF APPOINTED COUNSEL

Defendant first argues that the trial court improperly denied his request for substitution of counsel. A trial court's decision regarding substitution of appointed counsel is reviewed for an abuse of discretion. *People v Traylor,* 245 Mich App 460, 462; 628 NW2d 120 (2001). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *People v Carnicom,* 272 Mich App 614, 616-617; 727 NW2d 399 (2006).

An indigent defendant has a right to counsel, but not to counsel of his choice. *People v Flores,* 176 Mich App 610, 613; 440 NW2d 47 (1989). Further, an indigent defendant is not entitled to have new counsel appointed "whenever and for whatever reason dissatisfaction arises with counsel provided for him." *People v Bradley,* 54 Mich App 89, 95; 220 NW2d 305 (1974). "Appointment of substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process." *People v Mack,* 190 Mich App 7, 14; 475 NW2d 830 (1991). Good cause will be found where there is a complete breakdown of the attorney-client relationship, *People v O'Brien,* 89 Mich App 704, 708; 282 NW2d 190 (1979), "where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic," *Mack,* 190 Mich App at 14, or where there is an "irreconcilable bona fide dispute" regarding a substantial defense or trial strategy, *People v Charles O. Williams,* 386 Mich 565, 576, 578; 194 NW2d 337 (1972); *People v Harlan,* 129 Mich App 769, 778; 344 NW2d 300 (1983).

-1-

Defendant asked for new counsel because he and defense counsel did not "see eye-to-eye" and he did not like defense counsel's advice. A defendant's "general unhappiness with counsel's representation" does not constitute good cause for substitution of counsel. *People v Strickland*, 293 Mich App 393, 398; 810 NW2d 660 (2011). Defendant also stated that he did not "know about my case" because defense counsel did not "tell me what's going on." Defendant only knew that he had been charged with an armed robbery that he denied committing. Defendant attended the preliminary examination and thus was aware of the charges against him and the evidence on which it was based. Defense counsel presented a defense that defendant was not the robber. Because defendant's generalized complaint "lacked specificity and did not involve a difference of opinion with regard to a fundamental trial tactic," it did not warrant substitution of counsel. *Id.* Therefore, the trial court did not abuse its discretion in denying defendant's request for substitution of counsel.

We find no merit to defendant's claim that he was "constructively denied his right to counsel" as recognized in *United States v Cronic,* 466 US 648; 104 S Ct 2039; 80 L Ed 2d 657 (1984). The state and federal constitutions grant the right to counsel in all criminal prosecutions. US Const, Am VI; Const 1963, art 1, § 20; *People v Marsack*, 231 Mich App 364, 372; 586 NW2d 234 (1998). "This right to counsel includes the right to effective assistance of counsel." *People v Meissner,* 294 Mich App 438, 459; 812 NW2d 37 (2011). If a defendant claims he was denied his right to effective assistance of counsel, he must show that counsel's representation fell below an objective standard of reasonableness and that the representation so prejudiced defendant as to deprive him of a fair trial. *People v Pickens,* 446 Mich 298, 302-303; 521 NW2d 797 (1994). In *Cronic,* the Court identified three situations in which a defendant is entitled to relief absent a showing of prejudice. One is the complete denial of counsel, i.e., counsel is absent or otherwise prevented from assisting the defendant. *Cronic,* 466 US at 658-659 n 25. Another is where counsel is provided but "entirely fails to subject the prosecution's case to meaningful adversarial testing," i.e., does nothing at trial. *Id.* at 659. A third is where counsel is provided but the situation is such that it is extremely unlikely that any lawyer, no matter how competent, could provide effective assistance, e.g., the court requires counsel to try a highly publicized capital case with no preparation whatsoever. *Id.* at 659-661.

Defendant was represented by the same attorney throughout the proceedings and counsel had at least three months to prepare for trial. This was a simple case in which the contested charge was that of armed robbery. The robbery was captured by security video and the dispute centered on whether defendant was correctly identified as the robber. Counsel participated fully in the trial and advocated for defendant at sentencing. Apart from the fact that defendant has not claimed that he was denied the effective assistance of counsel, there is simply nothing in the record to suggest that any of the situations identified in *Cronic* occurred here. Therefore, the record does not support defendant's claim that he was denied his right to counsel. He was only denied substitution of counsel and, as noted, defendant did not have an automatic right to substitution of appointed counsel upon request and he failed to demonstrate good cause for substitution.

## II. WITNESS LIST AMENDMENT

Defendant next argues that the trial court abused its discretion when it allowed the prosecutor to amend its witness list to include Tamyra Powell as a witness to be called at trial.

"The trial court's decision to allow a late endorsement of a witness is reviewed for an abuse of discretion." *People v Gadomski*, 232 Mich App 24, 32-33; 592 NW2d 75 (1998). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *Carnicom*, 272 Mich App at 616-617.

The prosecutor is required to attach to the information a list of all known witnesses who might be called at trial. MCL 767.40a(1). At least 30 days before trial, the prosecutor must send defense counsel a list of witnesses intended to be called at trial. MCL 767.40a(3). The prosecutor may add a witness to the list at any time upon leave of the court and for good cause shown or upon stipulation of the parties. MCL 767.40a(4). Powell's identity as a witness was known to both parties at the outset because defendant identified her as a potential alibi witness in his statement. She was not named in the witness list appended to the information. The prosecutor filed an amended witness list on January 31, 2013, which was less than a week before trial. The record suggests that Powell was omitted from the witness list by inadvertence or mistake. A trial court does not abuse its discretion in finding "good cause" under such circumstances. *People v Callon,* 256 Mich App 312, 327; 662 NW2d 501 (2003). "Mere negligence of the prosecutor is not the type of egregious case for which the extreme sanction of precluding relevant evidence is reserved." *Id.* at 328. Moreover, a violation of the witness notice provisions does not entitle the defendant to relief unless he can show that he was prejudiced by the error. *People v Williams,* 188 Mich App 54, 58-60; 469 NW2d 4 (1991).

Defendant has made no showing of prejudice. Defendant knew how to contact Powell because he said he had been to her house and he provided her contact information to the police. Defendant also knew the substance of Powell's testimony. After defendant disclosed that he had been with Powell at the time of the robbery, a detective contacted Powell. She did not confirm defendant's claim and the detective confronted defendant with that fact. Further, defense counsel admitted that Powell had been identified "in the police reports from day one" and that those reports, as well as Powell's written statement, had been provided to him several months earlier. Therefore, defendant has not established a right to relief.

## III. OFFENSE VARIABLE SCORING

Defendant lastly argues that the trial court erred in scoring offense variable (OV) 1 of the sentencing guidelines. Although defendant objected to the scoring of OV 1 at sentencing, he did so on the ground that he had a gun in his pocket but never pointed it at the victim. On appeal, defendant now contends that the object he displayed was not a firearm or "actual weapon" as opposed to a feigned weapon. Because defendant did not challenge the scoring of OV 1 on this basis below, this issue has not been preserved for appeal. "An objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground." *People v Acevedo,* 217 Mich App 393, 398; 551 NW2d 478 (1996). "An unpreserved objection to the scoring of offense variables is reviewed for plain error." *People v Odom,* 276 Mich App 407, 411; 740 NW2d 557 (2007).

OV 1 considers the "aggravated use of a weapon." MCL 777.31(1). The scoring options include 15 points if "[a] firearm was pointed at or toward a victim," five points if "[a] weapon was displayed or implied," and zero points if "[n]o aggravated use of a weapon occurred." MCL 777.31(c), (e), and (f). The term firearm is not defined for purposes of the guidelines in

-3-

particular, MCL 777.1; MCL 777.31, or for purposes of the Code of Criminal Procedure in general, MCL 761.1; MCL 761.2.  If not otherwise defined for purposes of a particular statute, the word "firearm" is generally defined as "any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion" other than certain types of BB guns.  MCL 8.3t.  A weapon, on the other hand, is any article, instrument, or device used for bodily assault or defense.  *People v Lange*, 251 Mich App 247, 256-257; 650 NW2d 691 (2002).  The victim testified that he saw the barrel of a semi-automatic handgun protruding from defendant's pocket.  Based on the security video of the robbery and still shots taken therefrom, the trial court found that the object was "a gun for sure" and that defendant pointed it "straight out there" at or toward the victim.  There is nothing in the record to suggest that the gun was anything other than a firearm.  Therefore, defendant has not shown a plain error in the scoring of OV 1.

Affirmed.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola