# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WAYNE LEWIS DAVIS,

Defendant-Appellant.

UNPUBLISHED
July 28, 2015

No. 321762
Wayne Circuit Court
LC No. 13-009485-FH

Before: SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of possession with intent to deliver under 50 grams of heroin, MCL 333.7401(2)(a)(iv), possession with intent to deliver marijuana, MCL 333.7401(2)(d)(iii), carrying a concealed weapon, MCL 750.227, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during a felony (felony firearm), third offense, MCL 750.227b(1). He was sentenced as a fourth habitual offender, MCL 769.12, to concurrent sentences of 3 to 15 years for possession with intent to deliver heroin, possession with intent to deliver marijuana, carrying a concealed weapon, and felon in possession of a firearm, and to a consecutive 10-year sentence for felony firearm, third offense. Defendant appeals as of right and for the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant's convictions arise from a traffic stop for speeding that occurred on September 5, 2013 in the City of Detroit. Detroit Police Officer George Alam testified that he and his partner Officer Covington, were traveling west on I-96 in a black Crown Victoria with the words "Detroit Police" on the driver's side when a car in the far left lane "flew" by them, prompting Alam to activate his lights and stop defendant's vehicle.

Alam testified that as he approached the vehicle, he noticed that defendant was the sole occupant of the vehicle and he could smell a strong odor of "[f]resh, unburned marijuana" coming from the car. According to Alam, defendant stated that he did not have a drivers license and that the car belonged to his brother. After defendant exited the vehicle and was handcuffed, the officer performed an inventory search of the car's trunk which revealed a 380 Cobra handgun and a Highpoint 9 Millimeter handgun in plain view. Alam testified that as he was carrying the guns back to the police car, defendant said, "f---, I'm going back to jail." Alam also found heroin and marijuana packed in smaller bags within two larger bags in the rear of the trunk,

which based on Alam's prior experience as a narcotics officer, led him to conclude that the type of packaging found was consistent with narcotics sales.

At trial, the prosecutor called Richard Buyse, a special agent with the Department of Alcohol, Tobacco, Firearms and Explosives (ATF) to testify about tracking weapons for the ATF. Buyse testified that his interest was flagged in this case because of the short amount of time between the original purchase of the Colt firearm and its recovery by police, and he began to trace the weapon. The trace indicated that Sharri Ladonna Snead[1] purchased a Cobra FS 380 firearm on July 28, 2013. According to Buyse, he was investigating whether Ms. Davis purchased the gun as a "straw purchase"[2] for defendant. On November 13, 2013, with the assistance of Ms. Davis's mother, Buyse and his partner went to the Walgreens store where Ms. Davis was employed to question her about the Cobra handgun. Ms. Davis's mother then entered the store and asked her daughter to come outside and took her to Special Agent Buyse's vehicle. She was read her Miranda warnings because she was a suspect in a straw purchase, a federal offense, after which Buyse testified she began crying, requested an attorney, and refused to talk to him. Ms. Davis was subpoenaed as a witness for defendant's trial, but she exercised her Fifth Amendment right against self-incrimination and did not testify.

Defendant had three appointed counsels and complaints with each of them throughout his case. His final attorney was appointed two days before trial but stated that he had already read defendant's case file and was ready to proceed. Defendant requested an adjournment claiming that he had not had enough consultations with his new trial counsel prior to trial. Defendant's request was denied.

Defendant was convicted and sentenced as indicated above. This appeal then ensued.

## II. PROSECUTORIAL MISCONDUCT

On appeal, defendant first argues that the prosecutor committed misconduct and violated his rights to due process and a fair trial by shifting the burden of proof throughout the trial and by eliciting prejudicial hearsay testimony. Defendant did not object to the challenged comments at trial.

This Court can review claims of prosecutorial misconduct if the "defendant timely and specifically objects, except when an objection could not have cured the error, or a failure to review the issue would result in a miscarriage of justice." *People v Unger*, 278 Mich App 210, 234-235; 749 NW2d 272 (2008) (internal quotation marks and citations omitted). In the absence of any objections, the claims of prosecutorial misconduct are treated as unpreserved constitutional claims which are reviewed for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "Reversal is warranted

---

[1] At the time of trial, Ms. Snead had become Sharri Davis, defendant's wife.

[2] A straw purchase occurs when "an individual that is not a felon will purchase a firearm for a felon" because convicted felons are not permitted to have weapons.

only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763 (citation omitted).

Defendant argues that the assistant prosecutor shifted the burden of proof to him when she asserted in her opening statement and closing argument that he failed to deny knowledge of the drugs and guns found in the trunk of the car he was driving and when she questioned witnesses. In her opening statement, the prosecutor told the jury that, when defendant saw Officer Alam with the guns, defendant said, "I'm going back to jail." She also commented that defendant never denied to the police that the drugs or guns belonged to him. In her closing argument, the prosecutor again stated that defendant never denied knowledge of the guns or drugs.

"A prosecutor may not imply . . . that the defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Fyda*, 288 Mich App 446, 463-464; 793 NW2d 712 (2010). We find *People v Fields*, 450 Mich 94, 115; 538 NW2d 356 (1995) controlling on this issue. In *Fields*, our Supreme Court, relying on Judge Easterbrook's "analysis of the imprecision of burden shifting arguments based on prosecutorial comment" in *United States v Sblendorio*, 830 F2d 1382 (CA7, 1987) stated:

> In sum, prosecutorial comment that infringes on a defendant's right not to testify may constitute error. However, where a defendant testifies at trial or advances, either explicitly or implicitly, an alternate theory of the case that, if true, would exonerate the defendant, comment on the validity of the alternate theory cannot be said to shift the burden of proving innocence to the defendant. Although a defendant has no burden to produce any evidence, once the defendant advances evidence or a theory, argument on the inferences created does not shift the burden of proof. *Fields*, 450 Mich at 115.

Defendant's theory of the case was that he had no knowledge of the drugs and guns in the trunk of the borrowed car he was driving. In light of the facts and the defense theory of the case, the assistant prosecutor was advancing a theory to rebut defendant's lack of knowledge by arguing that the average person would disavow knowledge or ownership of drugs and guns found by police in the trunk of a borrowed car, rather than making the statement allegedly made by defendant about returning to jail. Additionally, arguing that the evidence of defendant's statement was unrebutted does not shift the burden. Relying on *People v Earl*, 299 Mich 579; 300 NW 890 (1941) our Supreme Court in *Fields* specifically stated that "a prosecutor may observe that the evidence is 'uncontroverted' or 'undisputed.'" *Fields*, 450 Mich at 115. *Fields* further holds that "The nature and type of comment allowed is dictated by the defense asserted, and the defendant's decision regarding whether to testify . . . ." *Id.* Here, the assistant prosecutor's arguments were a direct attack of defendant's theory of the case. *Fields* holds that such comments did not impermissibly shift the burden of proof, and we find no additional evidence to support such a holding. Consequently, we find that defendant is not entitled to relief on this issue.

Defendant also argues that the prosecutor committed misconduct by commenting upon and eliciting hearsay testimony. In both her opening statement and in her direct examination of Special Agent Buyse and Tina Seymour, the prosecutor relied upon Sherri Davis's tears and request for an attorney when Special Agent Buyse tried to question her outside of her place of employment about the gun she purchased. This Court has held that evidence of crying is not hearsay when the crying was not intended as an assertion and thus is admissible. *People v Gwinn*, 111 Mich App 223, 246; 314 NW2d 562 (1981). Therefore, there was no basis for an objection by defense counsel relative to Ms. Davis crying and no basis put forth by defendant on appeal as to how this Court could grant relief relative to Ms. Davis crying or invoking her Fifth Amendment right. Even assuming that defendant's arguments are correct relative to the crying and assertion of her Fifth Amendment right, defendant has failed to establish plain error that affected his substantial rights. Accordingly, defendant is not entitled to relief on this issue.

## III. DENIAL OF ADJOURNMENT

Defendant next argues that the trial court abused its discretion and violated his rights to due process, a fair trial, and to counsel, by denying his request for an adjournment of trial and appointment of new counsel and by allowing the admission of prejudicial hearsay elicited by the prosecutor. Defendant asserts that a genuine issue existed regarding trial counsel's representation that warranted the appointment of new counsel. Specifically, defendant asserts that (1) trial counsel asked the trial court to appoint an attorney for defendant's key witness, Ms. Davis, making it more likely that Ms. Davis would not testify, and thus hampered defendant's defense about how the gun ended up in the car trunk; (2) trial counsel had already decided not to call any witnesses when defendant first met him before he was actually appointed, and (3) finally, when the prosecutor claimed that defendant and his mother were making exasperated sounds and comments during testimony, trial counsel accepted that representation and reprimanded defendant even though defendant asserted that he was only gesturing to his mother to sit quietly. Defendant also claims that trial counsel disclosed privileged and confidential information regarding trial strategy as a basis of his motion to withdraw on the first day of trial by disclosing that (1) defendant wanted to testify but that trial counsel thought it was a "horrible, horrible mistake," (2) defendant would not "listen to [trial counsel] in terms of trial strategy," and (3) defendant told trial counsel that "God would guide him [defendant] along the way."

This Court reviews for an abuse of discretion either the grant or denial of an adjournment, *People v Snider*, 239 Mich App 393, 421; 608 NW2d 502 (2000), and the "trial court's decision regarding substitution of counsel," *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001). When reviewing a trial court's denial of an adjournment, this Court considers if the defendant asserted a constitutional right, if there was a legitimate reason for asserting the right, and if the defendant was negligent. *People v Lawton*, 196 Mich App 341, 348; 492 NW2d 810 (1992). Further, the defendant must demonstrate that denial of an adjournment resulted in prejudice. *Snider*, 239 Mich App at 425, n 5.

Defendant has not established a constitutional right to an adjournment or appointment of new counsel. Defendant's first trial date was adjourned due to "some confusion." Defendant's first attorney was released because of a breakdown in the attorney-client relationship. The trial court then appointed new counsel and subsequently granted her motion to withdraw after defendant sent the trial court a letter claiming a previously denied conflict of interest with that

trial counsel. The trial court then appointed a third attorney for defendant, Mr. Slameka, with the provision that he would be ready to start in two days on the scheduled trial date. Mr. Slameka stated that he was ready to proceed to trial but requested an adjournment on behalf of defendant because defendant was not comfortable with going forward as scheduled with new counsel. Defendant also addressed the court and stated that he felt it would not be fair to go forward because Mr. Slameka had just been appointed and had not had a chance to interview witnesses or discuss strategy. The court responded that Mr. Slameka was the third attorney appointed for defendant. The court previously appointed Ms. Jefferson who was an attorney that defendant had tried to hire himself, but Ms. Jefferson complained to the court that defendant had not appeared at her office to help her prepare for trial and sent a letter "at the ninth hour" requesting a new attorney. The trial court then denied defendant's request for an adjournment. Later in the pretrial, defendant conceded that he had had months to prepare for the trial.

Three different attorneys were appointed in an attempt to accommodate defendant. Defendant's third counsel assured the court that he had reviewed defendant's case file, was ready to proceed, and that the case was a "very simple" one. There is no evidence that defendant was prejudiced by the denial of his request for an adjournment, that defendant's new counsel was unprepared to try the case, or that trial counsel would have been more effective with more time to prepare. Defendant appears to assert that he was prejudiced because his counsel did not permit him to testify but fails to explain how an adjournment would have affected the strategic decision of whether he should testify. Accordingly, defendant is not entitled to relief on this issue.

Defendant also claims that his rights to due process, a fair trial, and counsel were violated by the trial court's denial of his request for new counsel.

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. [*Traylor*, 245 Mich App at 462 (citation omitted).]

"A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause [for appointment of substitute counsel]. Likewise, a defendant's general unhappiness with counsel's representation is insufficient." *People v Strickland*, 293 Mich App 393, 398; 810 NW2d 660 (2011).

Defendant failed to show good cause for appointment of another attorney. Further, had substitute counsel been appointed for defendant, the judicial process would have been unreasonably disrupted because of the lateness of the request and because defendant already had three attorneys appointed for him and found fault with each of them. Therefore, the trial court did not abuse its discretion in denying adjournment or appointment of another attorney for defendant.

Finally, defendant objects to the trial court's admission of hearsay statements elicited by the prosecutor. As we previously discussed, testimony about Ms. Davis's request for counsel

and her tears did not constitute inadmissible hearsay. Therefore, the trial court did not abuse its discretion in admitting that testimony.

## IV. EFFECTIVE ASSISTANCE OF COUNSEL

Next, defendant argues that he was denied his right to the effective assistance of counsel. Defendant argues that he was denied his right to effective assistance of counsel when his counsel failed to object to the prosecutor's eliciting inadmissible hearsay testimony. Defendant also asserts that his trial counsel failed to object because of the conflict between them. He also argues that his counsel's failure to object allowed the inadmissible testimony regarding his knowledge of the drugs and guns and caused him prejudice sufficient to warrant reversal of his convictions and a new trial.

This Court reviews challenges to the effectiveness assistance of trial counsel to determine whether the defendant met the "heavy burden" of demonstrating that his lawyer's performance was deficient and that he was prejudiced by the deficiency. *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). An attorney's performance is presumed to be effective. *Id*. at 600.

Defendant first objects to certain decisions that his counsel made during trial, such as whether defendant should testify and regarding appointed counsel for Ms. Davis, which defendant argues made it more likely that she would assert her Fifth Amendment right and not testify on his behalf. However, these complaints amount to questioning his counsel's trial strategy. This Court will not find that trial counsel was ineffective on the basis of strategy unless the strategy employed was unreasonable or unsound. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007).

Defendant freely exercised his right not to testify. Defendant informed the trial court, under oath, that he understood that he had a right to testify and a right not to testify and that if he chose not to testify the trial court would instruct the jury that they could not use that fact against him or draw any negative inference from that decision. Defendant told the court that he had spoken to his lawyer and his mother about his decision, that no one had threatened him or promised him anything in exchange for his decision, and that he had decided not to testify. Thus, defendant acknowledged that it was his decision to not testify.

Further, defendant's trial counsel had little to do with having an attorney appointed to consult with Ms. Davis, who was on the prosecutor's witness list. During a conversation between the court and the attorneys regarding scheduling, defendant's counsel mentioned that "one witness needs a lawyer and may not be called until tomorrow." The court immediately summoned Ms. Davis to the bench, swore her in, and asked if she understood her right to consult an attorney before she testified. The prosecutor placed on the record that she anticipated calling an agent from the Bureau of Alcohol, Tobacco, and Firearms who would testify that Ms. Davis illegally purchased a firearm for defendant, which was one of the guns in the car defendant was driving when he was arrested. The court decided to appoint an attorney to consult with Ms. Davis before she was called to the stand. Defendant was not denied the effective assistance of counsel by the minor role defense counsel played in this matter. Moreover, it is not clear that, if Ms. Davis had not pleaded her Fifth Amendment right not to testify, her testimony would have been helpful to defendant.

Defendant further argues that defense counsel was ineffective for failing to object to the prosecutor's alleged misconduct. Because, as we previously found, the challenged testimony was admissible because it fell under hearsay exceptions, and there was no error or misconduct in the testimony elicited or the prosecutor's arguments, any objection would have been futile. Defense counsel is not ineffective for failing to make futile objections. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

## I. SUFFICIENCY OF THE EVIDENCE

Lastly, defendant argues that his right to due process was violated when he was convicted based upon insufficient evidence. Specifically, defendant argues that the prosecutor failed to establish the requisite element of knowingly possessing drugs and guns to support his convictions.

Defendant need not have actually physically possessed the drugs and guns to be guilty of possessing them because possession can be either actual or constructive. *People v Harper*, 365 Mich 494, 506-507; 113 NW2d 808 (1962). However, the prosecution must show that defendant "knowingly possessed" the contraband items. *People v Acosta*, 153 Mich App 504, 511-512; 396 NW2d 463 (1986). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (internal quotations and citations omitted).

Viewed in the light most favorable to the prosecution, the evidence produced at trial showed that defendant at least constructively, and knowingly, possessed the drugs and gun, i.e., that he had the right to exercise control over the drugs and guns and knew they were present. *People v Germaine*, 234 Mich 623; 208 NW 705 (1926). Evidence was presented that defendant was driving a car belonging to his brother that had drugs and guns in plain view in the trunk. When the officer pulled over the car, he immediately noticed a strong odor of fresh, unburned marijuana coming from the car. Because of the strong odor of the marijuana, the jury could infer that defendant was aware that drugs were in the trunk of the car he was driving. With regard to the guns, testimony was presented that defendant's then girlfriend, now wife, purchased one of the guns, was being investigated as a straw purchaser for defendant, and her actions demonstrated that she was aware she was in legal jeopardy.

Accordingly, we hold that there is no basis for setting aside defendant's convictions and sentences.

Affirmed.

/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello