PEOPLE v TRAYLOR

Docket No. 224329. Submitted April 10, 2001, at Grand Rapids. Decided
    April 27, 2001, at 9:05 A.M. Leave to appeal sought.

Roy L. Traylor was convicted following a jury trial in the Kalamazoo
    Circuit Court of first-degree murder and possession of a firearm
    during the commission of a felony. Before trial, the defendant
    sought to have new trial counsel appointed by the court, asserting
    that his counsel had failed to adequately communicate and consult
    with him, that he lacked confidence in counsel, and that he and
    counsel had legitimate differences of opinion regarding trial tactics.
    The court, William G. Schma, J., found that the defendant had not
    demonstrated good cause to replace trial counsel and denied the
    defendant's request for new counsel. The court also denied the
    defendant's pro se motion for discovery of certain records held by
    the Department of Corrections of prisoners who were to be called
    as witnesses. The defendant appealed.

The Court of Appeals held:

1. The trial court, in response to the defendant's allegation that
    there had been inadequate communication with his appointed
    counsel, offered to make it easier for the defendant to have pretrial
    contact with his counsel by having the defendant's place of pretrial
    incarceration moved to the county in which the trial was to be held
    and by having counsel meet with the defendant daily, but the
    defendant declined the court's offer.

2. The pretrial motions that the defendant wanted counsel to file
    were frivolous. Counsel's decision not to file the motions was a
    matter of professional judgment and trial strategy and did not con-
    stitute a basis warranting appointment of substitute counsel. In any
    event, the defendant filed the motions on his own, and the motions
    were denied.

3. The mere fact that the defendant filed a grievance against his
    counsel and expressed a lack of confidence in counsel does not
    establish the good cause necessary to warrant substitution of
    counsel.

4. Although the defendant asserted that there were legitimate dif-
    ferences of opinion with counsel regarding trial tactics, the defen-
    dant failed to state his claims with a sufficient degree of specificity

to allow any meaningful consideration of his assertion. Accordingly, the trial court did not abuse its discretion in denying the defendant's request for new counsel.

5. Because the records sought by the defendant pursuant to his discovery pro se motion were not within the control or supervision of the prosecutor and the defendant failed to show a violation of his due process rights resulting from the failure to provide the requested information, the trial court did not abuse its discretion in denying the defendant's motion for discovery.

6. The defendant failed to show that he was denied effective assistance of counsel.

Affirmed.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Heather S. Draves*, Assistant Prosecuting Attorney, for the people.

*Daniel J. Rust*, for the defendant on appeal.

Before: HOEKSTRA, P.J., and WHITBECK and COOPER, JJ.

PER CURIAM. A jury convicted defendant of first-degree murder, MCL 750.316, and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to consecutive sentences of life in prison for the murder conviction and two years in prison for the felony-firearm conviction. Defendant appeals as of right. We affirm.

Defendant first argues that the trial court abused its discretion in denying his request for new counsel and contends that the trial court erred in finding that defendant had not demonstrated good cause to replace trial counsel. Specifically, defendant asserts that he was entitled to new counsel because his counsel failed to adequately communicate and consult

with him concerning potential defenses and pretrial motions for his case and because defendant had filed a grievance against him. Further, defendant asserted that he lacked confidence in his counsel and that he and his counsel had legitimate differences of opinion regarding trial tactics.

A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion. *People v Mack*, 190 Mich App 7, 14; 475 NW2d 830 (1991). Addressing the substitution of counsel, this Court has explained:

> An indigent defendant is guaranteed the right to counsel; however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic. [*Id.* (citations omitted).]

Here, to the extent that defendant desired more communication with counsel, the court offered to order that defendant's pretrial incarceration location be moved to Kalamazoo pending trial to make contact easier between defendant and his counsel and to order counsel to have daily contact with defendant until the trial commenced, but defendant declined to take advantage of this arrangement. "A defendant may not purposely break down the attorney-client relationship by refusing to cooperate with his assigned attorney and then argue that there is good cause for a substitution of counsel." *People v Meyers*

*(On Remand)*, 124 Mich App 148, 166-167; 335 NW2d 189 (1983).

With regard to defendant's claim that counsel failed to file pretrial motions requested by defendant, we have reviewed the motions defendant requested that counsel file and find them frivolous. Defense counsel need not file frivolous motions. *People v Knapp*, 244 Mich App 361, 386; 624 NW2d 227 (2001). Additionally, counsel's decision not to file the motions clearly falls within the categories of professional judgment and trial strategy that are matters entrusted to the attorney, and thus counsel's decision did not warrant appointing substitute counsel. *People v O'Brien*, 89 Mich App 704, 708; 282 NW2d 190 (1979). In any event, defendant filed the motions on his own, and the trial court heard, and denied, the motions; thus, defendant suffered no prejudice.

To the extent that defendant implies that filing a grievance automatically created good cause for substitution, he cites no law in support of this claim. Defendant told the trial court that his filing a grievance against his counsel made him feel uncomfortable, but we find that claim insufficient to justify substitution of counsel. See *People v Mitchell*, 454 Mich 145, 170, n 30; 560 NW2d 600 (1997) (although grievances against attorneys may be legitimate, they are also prompted by a desire for a new attorney, or an adjournment, and are routine incidents in the Recorder's Court). Further, defendant's mere allegation that he lacked confidence in his trial counsel is not good cause to substitute counsel. *People v Tucker*, 181 Mich App 246, 255; 448 NW2d 811 (1989), remanded sub nom *People v Musick*, 437 Mich 867; 462 NW2d 586 (1990).

Finally, although defendant argues that he and counsel had a legitimate difference of opinion regarding trial tactics, he fails to state his claims with any degree of specificity. "Defendant may not leave it to this Court to search for a factual basis to sustain or reject his position." *People v Norman,* 184 Mich App 255, 260; 457 NW2d 136 (1990). On this record, we conclude that the trial court did not abuse its discretion in denying defendant's request for new counsel.

Next, defendant argues that the trial court abused its discretion in denying defendant's pro se motion for discovery, resulting in the denial of his due process rights to a fair and impartial trial. According to defendant, "[t]he main request for discovery was for the prison files of key witnesses, who were inmates, [and] the policy directives of MDOC [Michigan Department of Corrections] relating to any benefits an inmate could obtain by testifying, including parole and their visiting records." We review for abuse of discretion a trial court's decision regarding whether to order discovery. *People v Stanaway,* 446 Mich 643, 680; 521 NW2d 557 (1994); *People v Perez-DeLeon,* 224 Mich App 43, 60; 568 NW2d 324 (1997).

Here, defendant's motion was frivolous because he sought information that was not under the prosecutor's control and supervision. The prosecutor is not required to do defendant's investigation for him. *People v Leo,* 188 Mich App 417, 427; 470 NW2d 423 (1991) ("The prosecutor's office is not required to undertake discovery on behalf of a defendant."). Defendant failed to show a violation of his due process right to the disclosure of information. *People v Lester,* 232 Mich App 262, 281-282; 591 NW2d 267

(1998); see also *People v Fox (After Remand)*, 232 Mich App 541, 549; 591 NW2d 384 (1998). Thus, we find no abuse of discretion.

Finally, defendant argues that his counsel was ineffective for failing to secure before trial the documents that defendant sought in his pro se motion for discovery. We disagree. Defendant asserts that the requested documents were "relevant to attack the credibility of the witnesses who were inmates." However, we reviewed the record and find that defense counsel developed the issues and sufficiently attacked the inmate witnesses' credibility. See *People v McFadden*, 159 Mich App 796, 800; 407 NW2d 78 (1987). Defendant has failed to show a serious error attributable to counsel, or resulting prejudice. *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991).

Affirmed.