# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JERMAINE LEE PEARSON,

       Defendant-Appellant.

UNPUBLISHED
April 28, 2015

No. 319590
Kent Circuit Court
LC No. 09-001904-FC

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant was convicted by a jury of armed robbery, MCL 750.529; unlawful imprisonment, MCL 750.349b; possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; carrying a concealed weapon (CCW), MCL 750.227; being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; and conspiracy to commit armed robbery, MCL 750.157a. At a November 22, 2013, resentencing, defendant was sentenced as a second-offense habitual offender, MCL 769.10, to 356 months' to 45 years' imprisonment for his armed robbery and conspiracy convictions, 180 to 270 months' imprisonment for his unlawful imprisonment conviction, 60 to 90 months' imprisonment for his CCW and felon-in-possession convictions, and two years' imprisonment for his felony-firearm conviction. He appeals as of right. We affirm.

This case arose from the robbery of a cash-advance store in September 2008. This Court previously summarized the facts of this case in *People v Pearson (Pearson I)*, unpublished opinion per curiam of the Court of Appeals, issued May 24, 2011 (Docket No. 296252), rev'd in part 490 Mich 984 (2012). The trial court originally sentenced defendant as stated *supra*, except defendant's minimum sentences for his armed robbery and conspiracy convictions were 360[1] months' imprisonment, not 356 months. Defendant appealed, arguing that the trial court erred in scoring offense variables (OVs) 10 (exploitation of vulnerable victim) and 13 (continuing pattern of criminal behavior). *Id*. at 12-13. This Court affirmed, *id*. at 12-14, but the Supreme Court reversed the portion of this Court's opinion affirming the scoring of OV 13. *People v Pearson*,

---

[1] It appears that this Court, in *Pearson I*, unpub op at 1, misstated the minimum sentences for the armed robbery and conspiracy convictions.

490 Mich 984; 807 NW2d 45 (2012). At defendant's resentencing, the trial court assessed a score of zero points under OV 13 but imposed the same sentences previously handed down, despite the fact that defendant's OV level had dropped and the calculated minimum sentence under the legislative guidelines was 171 to 356 months for armed robbery. Defendant appealed, and this Court remanded for resentencing. *People v Pearson*, unpublished opinion per curiam of the Court of Appeals, issued August 15, 2013 (Docket No. 310898). At defendant's resentencing, the trial court acknowledged its mistake in resentencing defendant outside of the recalculated guidelines, and it resentenced defendant to 356 months' to 45 years' imprisonment for his armed robbery and conspiracy convictions. Defendant's sentences for his other convictions were not changed.

Defendant first argues on appeal that the trial court erred at the November 22, 2013, resentencing hearing by refusing defendant's request to have his appointed attorney Neil Leithauser represent him rather than Valerie Foster from the Kent County Defender's Office. Defendant argues that because he filed a grievance against his former trial counsel, Brett Stevenson of the Kent County Defender's Office, Foster was biased in her representation of him because she is Stevenson's colleague.

Although an indigent defendant is entitled to the appointment of defense counsel at public expense, he is not entitled to choose his lawyer. *People v Ginther*, 390 Mich 436, 441; 212 NW2d 922 (1973). Further, "[a]ppointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001) (citations and quotation marks omitted). When a defendant files a grievance against his counsel, this does not in itself create good cause for substitution. *Id*. at 463.

The record simply does not support that defendant asked the trial court to substitute Leithauser for Foster. Regardless, as previously stated, a defendant's filing of a grievance against his counsel does not in itself create good cause for substitution. *Id*. Therefore, even if the trial court had denied a request for the substitution of Foster based on defendant's grievance against Stevenson, such a decision would be well within the range of principled outcomes. *Id*. at 462; *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). There was no plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant next argues in a Standard 4 brief that the trial court improperly assessed five points under OV 1 (aggravated use of weapon). A score of five points is to be assessed under OV 1 if, during the course of the offense, "[a] weapon was displayed or implied[.]" MCL 777.31(1)(e). However, a score of five points should not be assessed under OV 1 if the conviction offense is a violation of MCL 750.529, i.e., armed robbery. MCL 777.31(2)(e). Defendant's sentencing guidelines were scored for his armed robbery conviction. Therefore, the trial court erred in assessing five points under OV 1.

Defendant next argues that the trial court improperly assessed five points for OV 2 (lethal potential of weapon possessed or used) and 10 points for OV 3 (physical injury to victim). Five points are to be assessed for OV 2 if "[t]he offender possessed or used a pistol, rifle, shotgun, or

knife or other cutting or stabbing weapon[.]" MCL 777.32(1)(d). Ten points are to be assessed for OV 3 if "[b]odily injury requiring medical treatment occurred to a victim[.]" MCL 777.33(1)(d). A score of five points under OV 2 was proper because defendant showed the victim a gun during the offense. *People v Harverson*, 291 Mich App 171, 182; 804 NW2d 757 (2010). Also, a score of 10 points under OV 3 was proper because defendant slammed the victim into a wall, shattering her hip and requiring her to have hip and knee surgery. *People v Gibbs*, 299 Mich App 473, 492; 830 NW2d 821 (2013). Defendant nevertheless argues that the scoring was improper pursuant to the multiple-offender provisions of OVs 2 and 3. See MCL 777.32(2) and MCL 777.33(2)(a). Specifically, defendant argues that because his codefendant Willie Tolliver was not assessed any points under those OVs, defendant should also not be assessed any points under them. Defendant points to nothing in the record regarding whether Tolliver was assessed points under OVs 2 and 3. Defendant has not verified the factual basis of his argument, *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000). Thus, we find no plain error. *Carines*, 460 Mich at 763.

Defendant next argues that the trial court improperly assessed 50 points for OV 7 (aggravated physical abuse). Fifty points are to be assessed for OV 7 if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense[.]" MCL 777.37(1)(a). To determine whether a defendant's conduct was designed to substantially increase fear within the meaning of OV 7, "a court must first determine a baseline for the amount of fear and anxiety experienced by a victim of the type of crime or crimes at issue." *People v Hardy*, 494 Mich 430, 442-443; 835 NW2d 340 (2013). To determine this baseline, "a court should consider the severity of the crime, the elements of the offense, and the different ways in which those elements can be satisfied." *Id*. at 443.

A preponderance of the evidence supports a finding that defendant engaged in conduct designed to substantially increase the victim's fear and anxiety. To rob the cash-advance store, defendant could have put the victim in fear merely by telling her that he had a weapon. Instead, he chose to slam her against a wall with significant force, causing a substantial injury, and then he threatened her by showing her the weapon. He also stated that he would "cap" her if she hit a panic button. Defendant's conduct went beyond that necessary to commit an armed robbery. See, generally, *id*. at 446. Moreover, this conduct was designed to substantially increase the victim's fear and anxiety because by slamming her against the wall and showing her his gun, he demonstrated to her that he was willing to follow through on his threat of harm. *Id*. at 446-447. The trial court did not err in assessing 50 points under OV 7.

Defendant next argues that the trial court improperly assessed 10 points under prior record variable (PRV) 5 (prior misdemeanor convictions). Ten points are to be assessed under PRV 5 if "[t]he offender has 3 or 4 prior misdemeanor convictions or prior misdemeanor juvenile adjudications[.]" MCL 777.55(1)(c). When scoring PRV 5, the trial court cannot "use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication." MCL 777.50(1). Also, with certain exceptions, the trial court should count a prior misdemeanor conviction "only if it is an offense against a person or property, a controlled substance offense, or a weapon offense." MCL 777.55(2)(a).

Defendant committed the armed robbery at issue on September 15, 2008. According to the sentencing information report, defendant's closest prior misdemeanor that was an offense against a person was second-degree domestic assault. The report indicates that defendant committed this offense on May 26, 1999, and pleaded guilty to and was convicted of this offense on December 5, 2005. Defendant was sentenced to 60 days in jail for this offense. Pursuant to MCL 777.50(3), his discharge date was February 3, 2006. This was within 10 years of the armed robbery at issue; therefore, this offense is counted as a misdemeanor for purposes of scoring PRV 5. MCL 777.50(1). Defendant's next closest misdemeanor that was an offense against a person was domestic assault committed on May 1, 1996. Defendant pleaded guilty to this offense, was sentenced to probation, and was discharged on October 24, 1997. This discharge date is within 10 years of the date of defendant's May 26, 1999, second-degree domestic assault offense. Therefore, this offense is counted as a misdemeanor for purposes of scoring PRV 5. MCL 777.50(1). Defendant's next closest misdemeanor that was an offense against a person was domestic assault committed on November 5, 1995. Defendant pleaded guilty to and was convicted of this offense on June 23, 1996. Defendant was sentenced to 23 days in jail. Pursuant to MCL 777.50(3), his discharge date was July 16, 1996. This discharge date is within 10 years of the date of defendant's May 1, 1996, domestic assault offense. Therefore, this offense is counted as a misdemeanor for purposes of scoring PRV 5. MCL 777.50(1). Defendant had three prior misdemeanors that could be used to assess points under PRV 5. According to the record before us, the trial court did not err in assessing 10 points under PRV 5. MCL 777.55(1)(c). Even if it had, however, a 10 point reduction (from 70 points to 60 points) would not change defendant's PRV level. See MCL 777.62.

Defendant next argues that the trial court improperly assessed five points under OV 10. However, even assuming, arguendo, that OV 10 should have been scored at zero and even taking into account the error under OV 1, defendant's OV bracket would be unchanged (going from 95 points to 85 points).[2] See MCL 777.62. Therefore, resentencing is not warranted. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006), and we need not consider defendant's moot argument that the case should be assigned to a different judge on remand.[3]

---

[2] We note that the latest iteration of defendant's guidelines calculations report appears to contain an error, listing his OV total as 105 instead of 95 points; however, neither party raises this as an issue on appeal and we disregard the error in this opinion.

[3] Defendant also appears to be arguing that the factual findings regarding sentencing in this case violated federal case law. However, defendant has presented no substantive argument to support his claim and has therefore abandoned it. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra