# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROGER KENNETH BOWLING,

        Defendant-Appellant.

UNPUBLISHED
March 15, 2016

No. 324006
Wayne Circuit Court
LC No. 12-008235-FC

Before: SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

A jury convicted defendant of two counts of first-degree premeditated murder, MCL 750.316(1)(a), two counts of disinterment, mutilation, defacement, or carrying away of a human body, MCL 750.160, tampering with evidence, MCL 750.483a(6)(b), and two counts of possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of life in prison for each murder conviction, and 54 months to 10 years each for the disinterment and tampering with evidence convictions, to be served consecutive to two concurrent two-year terms of imprisonment for the felony-firearm convictions. Defendant appeals as of right. We affirm.

Defendant's murder convictions arise from the shooting deaths of Danielle Greenway and Christopher Hall in Allen Park in July 2012. Greenway died from a single gunshot wound to the head. Hall died of multiple gunshot wounds. Their bodies were dismembered and body parts were cast into the Detroit River. Hall's sister went to the victims' home on July 18, 2012, because Hall had not responded to her attempts to contact him. Defendant, whom Hall's sister had not seen before, was present in the home and said he had been staying there as a house guest. He stated that he did not know where the victims had gone, but he thought they might have gone up north. The police obtained a search warrant for the home and discovered areas with blood and bullet holes, and there were indications that blood had been cleaned from other areas. Defendant told the police that he was out for a bicycle ride at the time the victims left their home, but the only bicycle on the premise was covered with cobwebs and substantial dust.

Defendant's trial was adjourned multiple times, mostly for reasons related to discovery, expert analysis of DNA evidence, cell phone records, and ballistics and fingerprint evidence, and review of more than one thousand photographs. On July 28, 2014, two weeks before trial was scheduled to begin, defendant wrote a letter to the assigned judge, Judge Ulysses Boykin, and

-1-

filed a pro se motion for another adjournment. Defendant asserted that he needed more time to review the evidence and plan his defense. He complained that appointed counsel, Henry Greenwood, and appointed co-counsel, Luther Glenn, were not prepared, and he criticized Greenwood for failing to move for a *Walker*[1] hearing to determine whether defendant's police statement was voluntarily given. The case was reassigned to a visiting judge, Judge Brian Levy, but in the interim his motion to adjourn was heard by Judge Timothy Kenny. In a letter to Judge Kenny, dated August 5, 2014, defendant reiterated his reasons for requesting an adjournment. Defendant complained about Greenwood's lack of preparation and motivation. He made references to dissatisfaction with appointed counsel but also complained about untimely discovery, alleged judicial bias, and a lack of resources at the Wayne County Jail that interfered with his ability to prepare for trial. Judge Kenny denied the motion for an adjournment. On the first day of trial, defendant again raised his concerns with Judge Levy, who also denied an adjournment.

In his only issue on appeal, defendant argues on appeal that the trial court violated his right to self-representation and erroneously compelled him to accept representation by an attorney he did not want. A trial court's decision regarding a defendant's request to represent himself is reviewed for an abuse of discretion. *People v Hicks*, 259 Mich App 518, 521; 675 NW2d 599 (2003). A decision whether to appoint substitute counsel is also within the trial court's discretion, and will not be reversed absent an abuse of discretion. *People v Russell,* 471 Mich 182, 192 n 25; 684 NW2d 745 (2004); *People v Traylor,* 245 Mich App 460, 462; 628 NW2d 120 (2001).

The right of self-representation is guaranteed by both the Michigan Constitution, Const 1963, art 1, § 13, and by statute, MCL 763.1. *People v Dunigan*, 299 Mich App 579, 587; 831 NW2d 243 (2013). The right of self-representation is also implicitly guaranteed by the Sixth Amendment of the United States Constitution. *People v Anderson,* 398 Mich 361, 366; 247 NW2d 857 (1976), citing *Faretta v California*, 422 US 806; 95 S Ct 2525; 45 L Ed 2d 562 (1975). A defendant exercising the right of self-representation must take positive action to assert that right. In *Dunigan*, 299 Mich App at 587, this Court, quoting *Anderson*, 398 Mich at 367-368, observed:

> To invoke the right of self-representation: (1) a defendant must make an unequivocal request to represent himself, (2) the trial court must determine that the choice to proceed without counsel is knowing, intelligent, and voluntary, and (3) the trial court must "determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business."

In this case, the record does not contain an unequivocal request by defendant to represent himself. Defendant's July 28 letter to Judge Boykin, which accompanied a pro se motion for an adjournment, made no mention of self-representation. Defendant criticized Greenwood for his

---

[1] *People v Walker*, 374 Mich 331, 336-339; 132 NW2d 87 (1965).

lack of communication, failure to move for a *Walker* hearing, and inability to recognize exculpatory evidence, but he did not request self-representation or substitution of counsel. He complained that he did not have access to a computer and other resources at the Wayne County Jail, which interfered with his own ability to prepare for trial. In his August 5 letter to Judge Kenny, defendant expressed a lack of confidence with Greenwood and a lack of trust with Glenn, and a belief that Judge Boykin was biased. Under the heading "PLEASE HELP ME SIR" defendant wrote, "I need an immediate adjournment and re-assignment of judge. With a bit of time I can work out counsel one way or the other." After further discussing his discovery requests and his need for a laptop computer, defendant wrote: "It's looking like I may just have to hold a *Walker* hearing and fight my case pro-se since the court refuses to assign me competent cou[n]sel." Defendant accused Greenwood of compromising the defense to obtain more court-appointed criminal defense assignments.

When defendant was allowed to address the court on the first day of trial, he reiterated his concerns about delayed and incomplete discovery. Regarding Greenwood, defendant stated:

> I wish you had the letter so that I had all of this information present – issues with Counsel. There has been some serious issues that I have with Defense Counsel right now regarding strategy of the case.

> There was a *Walker* Hearing that was supposed to have been scheduled in this case well over a year ago, and to this date it hasn't been scheduled. I've myself spent many hours planning and working on the material for this *Walker* Hearing and for whatever reason, at the last minute it was dropped in my lap by Defense Counsel that the *Walker* Hearing wasn't going to be planned and abruptly I was going to have to take the stand.

Judge Levy asked, "Anything else, sir?" Defendant replied, "I mean the letter contains a lot more than that, sir." Judge Levy commented that Judge Kenny had previously denied an adjournment, and ruled that they would proceed with trial.

Defendant's letters, and his oral remarks to the trial court, do not contain any unequivocal request to represent himself. *Dunigan*, 299 Mich App at 587. Defendant's only positive requests were for an adjournment and assignment to a different judge. Defendant made two references to self-representation in his August 5, 2014 letter. These were: "It's looking like *I may just have to hold a Walker hearing and fight my case pro-se*," and "[t]that's why I said *I may have to go pro-se*." (Emphasis added.) These statements expressed a possibility that defendant might exercise his right to self-representation if his concerns about Greenwood's competency were not resolved. Defendant's statement that he "may" have to exercise his right to self-representation referred to self-representation as a future option he was contemplating, not as a present demand. Accordingly, defendant did not unequivocally invoke his right to self-representation. Cf. *People v Granderson*, 212 Mich App 673, 676-677; 538 NW2d 471 (1995).

Defendant also argues that the trial court did not properly respond to his request for substitute counsel. In *People v Akins*, 259 Mich App 545, 557; 675 NW2d 863 (2003), this Court observed:

-3-

"The Sixth Amendment guarantees an accused the right to retain counsel of choice." "However, the right to counsel of choice is not absolute." " 'A balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice is done in order to determine whether an accused's right to choose counsel has been violated.' "

When reviewing a trial court's decision to deny a defense attorney's motion to withdraw and a defendant's motion for a continuance to obtain another attorney, we consider the following factors: (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*People v Echavarria*, 233 Mich App 356, 369; 592 NW2d 737 (1999).] [Citations omitted.]

In addition, although an "indigent defendant is entitled to the appointment of counsel, . . . he does not have the right to have counsel of his choosing appointed." *People v Portillo*, 241 Mich App 540, 543; 616 NW2d 707 (2000). "When a defendant asserts that the defendant's assigned attorney is not adequate or diligent, or is disinterested, the trial court should hear the defendant's claim and, if there is a factual dispute, take testimony and state its findings and conclusion on the record." *People v Strickland*, 293 Mich App 393, 398; 810 NW2d 660 (2011) (quotation marks and citation omitted). It is the defendant's responsibility to request a hearing to determine whether his attorney should be replaced. *People v Ceteways*, 156 Mich App 108, 118; 401 NW2d 327 (1986). "Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process. Good cause exists where a legitimate difference of opinion develops between a defendant and his appointed counsel with regard to a fundamental trial tactic." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001) (citation and quotation marks omitted). A genuine disagreement over the use of a substantive defense or a fundamental trial tactic is adequate cause, but the defendant's mere allegation that he or she lacks confidence in his or her lawyer is not. *Id.* at 463-464.

Defendant did not raise his concerns about Greenwood's representation until two weeks before his repeatedly adjourned trial. When he finally raised these concerns in his July 28 letter to Judge Boykin, he complained that he did not believe that Greenwood was prepared, but Greenwood had been defendant's appointed counsel for more than a year and did not voice any concern that he felt unprepared. Defendant cited one specific disagreement with Greenwood's strategy, namely his refusal to move for a *Walker* hearing. But although defendant's pro se motion for adjournment included a statement that he and his counsel were in conflict regarding defense strategy, defendant did not move for substitution of counsel. Defendant's August 5 letter further expressed a lack of confidence with appointed counsel, but it also stated that "[w]ith a bit of time I can work out counsel one way or the other." Defendant's complaints about counsel were intermingled with complaints about untimely discovery, judicial bias, and insufficient resources at the Wayne County Jail. The letter principally advanced reasons why defendant

believed that further adjournment was necessary, in a case that had been pending for two years and had already been adjourned four times, and did not clearly convey a present demand for substitution of counsel. Defendant failed in his duty to timely request a hearing regarding replacement of his attorney. *Ceteways*, 156 Mich App at 118.

Affirmed.


/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra