*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTWON JOVON RANDLE-EL,

        Defendant-Appellant.

UNPUBLISHED
April 15, 2021

No. 352053
Muskegon Circuit Court
LC No. 18-006308-FH

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Defendant, Antwon Jovon Randle-El, appeals by right his jury convictions of felon in possession of a firearm (felon-in-possession), MCL 750.224f, and use of a firearm in the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to serve 7 months to $7^1/_2$ years' imprisonment for felon-in-possession and two years' mandatory imprisonment for felony-firearm, served consecutively. We affirm.

## I. FACTUAL BACKGROUND

This appeal arises from the execution of a search warrant for narcotics issued because law enforcement suspected defendant of trafficking in narcotics. The charges against defendant arose after police found a shotgun during the search. Although no charges were brought related to narcotics, the prosecution charged defendant with felon-in-possession and felony-firearm.

Detectives acting on information provided by confidential informants followed defendant to a location in Muskegon suspecting a narcotics transaction. The detectives watched a person get into the back of defendant's car, and later exit. Considering this behavior consistent with the occurrence of a narcotics transaction, the detectives arranged for a uniformed police officer to pull over defendant's car and detained defendant while detectives obtained a search warrant for a residence where they believed they would find defendant's narcotics. The mother of defendant's children occupied the residence, but both defendant and the occupant claimed that defendant did not live there. When the police executed the search warrant, they found cocaine, digital scales, money, and a shotgun.

## II. ANALYSIS

## A. RIGHT TO COUNSEL OF CHOICE

Defendant argues that the trial court abused its discretion by denying defendant's request for an adjournment or continuance to replace his trial counsel. We disagree.

"We review for an abuse of discretion a trial court's exercise of discretion affecting a defendant's right to counsel of choice." *People v Akins*, 259 Mich App 545, 556; 675 NW2d 863 (2003) (quotation marks and citation omitted). "An abuse of discretion occurs when the result is so contrary to fact and logic that it demonstrates perversity of will, defiance of judgment, or an exercise of passion or bias." *Id*. at 557 (quotation marks and citation omitted). "A trial court's decision regarding substitution of counsel will not be disturbed absent an abuse of discretion." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001) (citation omitted).

The Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." US Const, Am VI. The right to counsel of choice, however, is not absolute. *Akins*, 259 Mich App at 557. In *Traylor*, 245 Mich App at 462 (citation omitted), this Court reiterated the principles guiding substitution of a criminal defendant's counsel:

> An indigent defendant is guaranteed the right to counsel: however, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. Appointment of a substitute counsel is warranted only upon a showing of good cause and where substitution will not unreasonably disrupt the judicial process.

"A balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice is done in order to determine whether an accused's right to choose counsel has been violated." *Akins*, 259 Mich App at 557 (quotation marks and citation omitted). When defendant's choice of counsel has been improperly denied, "it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation." *United States v Gonzalez-Lopez*, 548 US 140, 148; 126 S Ct 2557; 165 L Ed 2d 409 (2006). Further, "erroneous deprivation of the right to counsel of choice" is structural error, and therefore, is not subject to harmless-error analysis. *Id*. at 150. However, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id*. at 151.

This Court applies a five-factor test when reviewing a trial court's decision to deny a motion for a continuance to obtain another attorney:

> (1) whether the defendant is asserting a constitutional right, (2) whether the defendant has a legitimate reason for asserting the right, such as a bona fide dispute with his attorney, (3) whether the defendant was negligent in asserting his right, (4) whether the defendant is merely attempting to delay trial, and (5) whether the defendant demonstrated prejudice resulting from the trial court's decision. [*People v Echavarria*, 233 Mich App 356, 369; 592 NW2d 737 (1999).]

In this case, the Muskegon County Public Defender office represented defendant. Three attorneys from the office assisted in providing defendant his defense. On the first day of trial, defense counsel sought an adjournment because defendant indicated that he wanted different counsel and defense counsel needed more time to review a search warrant that had been provided by the prosecution for the first time on that first day of trial. Defendant indicated his unhappiness with his counsel's representation because he believed him too new to the case, having stepped in for his previous attorney from the same public defender's office. Defendant also asserted that his attorney intended "just basically to help the Prosecutor." The trial court denied the request for adjournment, expressed confidence in defense counsel's abilities, and inquired whether defense counsel had adequately prepared. Defense counsel affirmed that he had prepared. The trial court recessed the proceedings to give defense counsel time to review the search warrant.

Defendant asserts that the trial court denied his constitutional right to counsel of choice. The record does not indicate that defendant acted negligently related to his request for substitution of counsel. Nor does the record indicate that he made his request with the intention of delaying his trial, although a delay certainly would have occurred had the trial court granted his request. The record, however, clearly indicates that defendant failed to express to the trial court any legitimate ground for his request for appointment of another attorney. Defendant stated only his unsupported beliefs that his appointed counsel lacked preparedness and sided with the prosecution. Defendant failed to identify any bona fide dispute between himself and his counsel. The record reflects that defendant inquired about self-representation, but the trial court appropriately discouraged him from doing so.

Defendant also has failed to establish that he suffered any prejudice as a result of the trial court's decision. The record indicates that his appointed counsel, an experienced defense attorney, took appropriate steps to prepare for trial. As an indigent defendant being represented by a public defender, the record indicated defendant did not have the means to hire a private attorney. Further, although the trial court did not grant a continuance, it recessed the proceedings to allow defense counsel time to review the search warrant. Examination of the record establishes that defendant's trial counsel had carefully prepared for trial and presented a well-defined defensive strategy to cast reasonable doubt upon the prosecution's case against defendant. Considering all of the factors, we conclude that the trial court did not abuse its discretion by denying defendant's request for an adjournment or continuance.

Defendant also argues that the trial court denied defendant's constitutional right to present a defense when it denied his trial counsel's request for an adjournment to review the search warrant. This argument lacks merit.

"Under the Due Process Clause of the Fourteenth Amendment criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense." *People v Aspy*, 292 Mich App 36, 48-49; 808 NW2d 569 (2011) (quotation marks and citation omitted).

Defendant contends that defense counsel's inability to review the search warrant before the beginning of trial supported his request for an adjournment to obtain substitute counsel. This argument fails because the record reflects that the trial court remedied the situation by recessing

the proceedings for an adequate period to enable defense counsel time to analyze the search warrant. The record reflects that defense counsel reviewed the search warrant and after the recess defense counsel did not object to resumption of the proceedings or demand additional time to further review the search warrant. In fact, the record indicates that defense counsel made no mention of any issue with the search warrant during the rest of the trial. The trial court's action adequately addressed the issue and nothing justified an adjournment or continuance because of the search warrant. The trial court, therefore, did not abuse its discretion by denying defendant's request for an adjournment to review the search warrant, nor did it abuse its discretion by not permitting defendant to obtain another new counsel.

## B. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that his convictions were not supported by sufficient evidence that he had constructive possession of the shotgun.

We review de novo challenges to the sufficiency of the evidence. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id*. We must draw all reasonable inferences and make credibility choices in support of the jury verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Due process requires a criminal conviction to be supported by sufficient evidence and precludes irrational jury verdicts. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992). Appellate courts must not interfere with the role of the jury. *Id*. " 'Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony.' " *Id*. at 514-515 (citation omitted). "The scope of review is the same whether the evidence is direct or circumstantial." *Nowack*, 462 Mich at 400. "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999) (quotation marks and citation omitted).

The jury convicted defendant of felon-in-possession and felony-firearm. A felon-in-possession charge requires the prosecution to prove the following elements: (1) defendant possessed a firearm in this state, (2) defendant was previously convicted of a specified felony—larceny from a person in this case, and (3) fewer than five years had elapsed since he or she paid all fines, served all terms of imprisonment, and completed all terms of probation or parole imposed for the offense. See MCL 750.224f(2)(a). The elements of felony-firearm are that defendant possessed a firearm during the commission of or attempt to commit a felony. See MCL 750.227b; *People v Avant*, 235 Mich App 499, 505; 597 NW21d 864 (1999).

"Possession may be proven by circumstantial as well as direct evidence. The question of possession is factual and is to be answered by the jury." *People v Hill*, 433 Mich 464, 469; 446 NW2d 140 (1989) (citations omitted). Possession can be actual or constructive. *Id*. at 470. "[A] defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant. Physical possession is not necessary as long as the defendant has constructive possession." *Id*. at 470-471 (citation omitted). Possession may be joint

-4-

or exclusive; possession is joint if "two or more persons share actual or constructive possession of a thing." *Id*. at 470 (quotation marks and citation omitted).

In this case, defendant did not dispute that he had been convicted of larceny from a person, which is a listed felony for the purpose of the felon-in-possession statute. Therefore, the sole question at issue for both firearm related charges is whether, under the circumstances, a jury could reasonably find that defendant constructively possessed the shotgun that police found in the master bedroom closet during the search.

The record reflects that the police executed a search warrant on the residence to search for drugs. The woman who occupied the house testified that it was also occupied by her brother and other friends. Defendant and the woman both testified that defendant did not reside there. A detective testified that when he ran defendant's information through the police computer it came back with a different address, the address of defendant's mother.

Other evidence, however, established that defendant maintained an ongoing intimate relationship with the woman occupant, fathered her three children, visited the residence frequently to watch the children, including at times during the occupant's absence from the home, and also including the morning of the day the police executed the search warrant. The police found a prescription in defendant's name in the bathroom next to a stick of men's deodorant. Further, defendant testified that he co-signed the lease for the occupant. In his taped interview with the police at the time of execution of the search warrant, when asked whether he dealt drugs out of the house, defendant responded: "Rule number one, you don't sell dope where you rest at." Defendant also indicated that he assisted in paying rent. Reasonable jurors could interpret defendant's statement as an admission that, despite testimony to the contrary, defendant resided at the home or at the very least spent substantial time there.

Both defendant and the woman occupant of the home testified that defendant had neither ownership nor possession of the shotgun. During the police interview, however, defendant stated to the police multiple times "that's my gun." He also indicated that he shot the gun during a New Year's celebration. Defendant later claimed that he only made the admission of gun ownership because the police threatened to call Children's Protective Services (CPS) and have the children removed from the home. The detective, however, testified that no mention of CPS had been made until after defendant already confessed to owning the gun, and the taped interview corroborated the detective's testimony that no mention of CPS occurred until after defendant repeatedly claimed ownership of the gun.

Witness credibility and which of defendant's conflicting statements to believe were for the jury to decide. *Wolfe*, 440 Mich at 514-515. The record reflects that the prosecution presented sufficient evidence from which reasonable jurors could determine whether defendant owned and possessed the gun in this case. Further, the record reflects that the prosecution presented sufficient evidence from which a reasonable jury could find defendant guilty beyond a reasonable doubt on both firearm related charges. Defendant had a previous felony conviction, the police found the gun in the residence where defendant often stayed, and defendant admitted to the police that he owned the gun. A reasonable jury, weighing all of the evidence, could conclude that defendant constructively possessed the shotgun. Therefore, the prosecution presented sufficient evidence

from which a reasonable jury could conclude that all of the elements of both charges were proved beyond a reasonable doubt.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ James Robert Redford