*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 23, 2025
1:38 PM

Plaintiff-Appellee,

v

No. 367359
Oakland Circuit Court
LC No. 22-281795-FC

ALEXANDRE FERRAZ,

Defendant-Appellant.

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of assault with intent to commit murder, MCL 750.83; armed robbery, MCL 750.529; felon in possession of a firearm ("felon-in-possession"), and three counts of carrying a firearm during the commission of a felony ("felony-firearm"), MCL 750.224f. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 31 to 50 years' imprisonment for assault with intent to commit murder, 31 to 50 years' imprisonment for armed robbery, and 2 years' imprisonment for being a felon in possession of a firearm. Defendant was also sentenced, as a second-offense felony-firearm offender, to 5 years' imprisonment for each felony-firearm count. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of a shooting at the Victory Hotel in Southfield, Michigan. The victim, Steven Cuda, was staying at the hotel with his girlfriend, Kaleigh Fee. Defendant is Fee's ex-boyfriend. On the night of the shooting, Fee was alone in the hotel room and heard a knock on her door. She saw a man she did not recognize through the peephole and, about a minute passed before she saw the man walk down the hallway with defendant.

Later that evening, the victim returned to the hotel. As he walked toward the front door of the hotel, he saw defendant holding a firearm. The victim began to run and told the desk clerk, Gregory Watkins, to call the police. Defendant chased the victim and told Watkins not to call the police. The victim ran into a hallway, and defendant caught up to him and hit the victim on the back of his head with the firearm. A struggle ensued between defendant and the victim, resulting in defendant shooting the victim.

Defendant's jury trial began on May 30, 2023 but Fee was not present to testify. Defense counsel conceded the prosecution exercised due diligence when attempting to procure Fee's attendance, whose preliminary examination testimony was read to the jury. On the third day of trial, a disagreement ensued between defendant and his attorney, during which defendant told the trial court defense counsel "can't even make a sentence" and was "not representing [him] correctly." Defendant asked the trial court to halt trial. Defendant also asked to plead guilty, which defense counsel advised against. The trial court stated nothing could be done and defendant agreed to continue with the proceedings. Defendant was found guilty and sentenced as noted. This appeal followed.

## II. CONFRONTATION CLAUSE

Defendant first argues that the admission of Fee's preliminary examination testimony, in lieu of live testimony during trial, violated his right to confrontation. Alternatively, defendant argues that his trial attorney was ineffective by failing to object to the introduction of Fee's testimony. We disagree.

## A. STANDARDS OF REVIEW

"Whether a defendant's right of confrontation has been violated presents a question of constitutional law that the appellate court reviews de novo." *People v Brown*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 359376); slip op at 3. "The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "When the reviewing court is left with a definite and firm conviction that the trial court made a mistake, there is clear error." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted).

## B. ANALYSIS

"The United States and Michigan Constitutions protect a defendant's right to confront the witnesses against him." *Brown*, ___ Mich App at ___; slip op at 3; see also US Const, Am VI; Const 1963, art 1, § 20. "The right of confrontation insures that the witness testifies under oath at trial, is available for cross-examination, and allows the jury to observe the demeanor of the witness." *People v Watson*, 245 Mich App 572, 584; 629 NW2d 411 (2001) (quotation marks and citation omitted). "The Sixth Amendment bars testimonial statements by a witness who does not appear at trial unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness." *People v Yost*, 278 Mich App 341, 370; 749 NW2d 753 (2008). "A transcript of prior testimony may . . . be offered in evidence upon a showing that the witness is unavailable and that the testimony bears satisfactory indicia of reliability." *People v Dye*, 431 Mich 58; 427 NW2d 501 (1988) (footnote omitted).

During trial, defense counsel affirmatively stated satisfaction with the prosecution's efforts to procure Fee for trial. The defense agreed the prosecution exercised due diligence. "Waiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those

rights, for his waiver has extinguished any error." *Id*. (quotation marks and citation omitted). Because the issue was waived when defendant's attorney agreed the prosecution exercised due diligence, we will not address defendant's direct challenge to Fee's testimony.

Defendant also contends that his trial attorney rendered ineffective assistance of counsel concerning the stipulation. "Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *Trakhtenberg*, 493 Mich at 51; see also Const 1963, art 1, § 20; US Const, Am VI. "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51.

"In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52. "Initially, a court must determine whether the strategic choices [were] made after less than complete investigation, and any choice is reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. (quotation marks and citation omitted). "A sound trial strategy is one that is developed in concert with an investigation that is adequately supported by reasonable professional judgments." *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004).

Contrary to defendant's assertions, it was not objectively unreasonable for defense counsel to agree that the prosecution's efforts amounted to due diligence. The prosecution explained that Detective Ryan Zukowski made efforts to call and e-mail Fee but was never able to contact her. Zukowski tried to serve Fee at the address she provided at the time of the incident, but no one answered the door. Zukowski also tried to notify Fee by mail at the address she provided and received no response. The prosecution also attempted to serve Fee at a second potential address on the morning of the second day of trial but were unsuccessful. Zukowski also spoke to police officers who were involved in past police incidents involving Fee, and those officers were also unable to contact Fee.

Moreover, defense counsel's decision to waive the issue of proof of due diligence was the product of sound trial strategy because counsel had reason to believe it would be beneficial to the defense for Fee's preliminary examination testimony to be read during trial. Fee is the only witness who testified there was an unknown man with defendant on the night of the shooting. In Fee's testimony, she explained that before the victim was shot, a man she did not recognize knocked on her hotel room door. She later saw the man walking with defendant. Thus, admission of Fee's prior testimony allowed the defense to argue the other man could have committed the shooting. Thus, because defendant cannot demonstrate that defense counsel's decision was not the product of sound trial strategy, he cannot show that his attorney provided ineffective assistance of counsel during trial.

III. SUBSTITUTION OF COUNSEL

Defendant also argues the trial court erred by denying his request during trial for a new attorney because there was a breakdown in the attorney-client relationship. We disagree.

## A. STANDARDS OF REVIEW

"The decision regarding substitution of counsel is within the sound discretion of the trial court and will not be upset on appeal absent a showing of an abuse of that discretion." *People v Buie*, 298 Mich App 50, 67; 825 NW2d 361 (2012) (quotation marks and citation omitted). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Dixon-Bey*, 321 Mich App 490, 496; 909 NW2d 458 (2017) (quotation marks and citation mitted).

## B. ANALYSIS

"[T]he Sixth Amendment guarantees a defendant's right to counsel." *Buie*, 298 Mich App at 67; see also US Const, Am VI; Const 1963, art 1, § 20.

> However, defendant is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. A defendant is only entitled to a substitution of appointed counsel when discharge of the first attorney is for "good cause" and does not disrupt the judicial process. The circumstances that would justify good cause rest on the individual facts in each case. [*Buie*, 298 Mich App at 67 (quotation marks and citations omitted).]

"Good cause may exist when a legitimate difference of opinion develops between a defendant and his appointed counsel as to a fundamental trial tactic, when there is a destruction of communication and a breakdown in the attorney-client relationship, or when counsel shows a lack of diligence or interest." *People v McFall*, 309 Mich App 377, 383; 873 NW2d 112 (2015) (quotation marks, citation, and footnotes omitted). "A defendant may not purposely break down the attorney-client relationship by refusing to cooperate with his assigned attorney and then argue that there is good cause for a substitution of counsel." *People v Traylor*, 245 Mich App 460, 462; 628 NW2d 120 (2001) (quotation marks and citations omitted). "A mere allegation that a defendant lacks confidence in his or her attorney, unsupported by a substantial reason, does not amount to adequate cause. Likewise, a defendant's general unhappiness with counsel's representation is insufficient." *McFall*, 309 Mich App at 383 (quotation marks and citation omitted).

The trial court did not abuse its discretion when it refused to delay trial after defendant expressed dissatisfaction with defense counsel's representation. Defendant argues the trial court erred by not substituting counsel, but defendant never asked the trial court to substitute counsel. During trial, defendant expressed dissatisfaction with the representation and asked the trial court what options he had. The trial court refused to give defendant legal advice. Defendant then asked the trial court to halt trial, which the trial court refused. Defendant also asked if he could plead guilty, which defense counsel objected to. Defendant ultimately agreed to continue the trial.

Defendant's grievances with defense counsel were not particularized. Defendant stated that his attorney was disorganized and stumbling over his words, and generally argued that defense counsel was going against the planned trial strategy. But, defendant did not point to any specific disagreements with defense counsel's fundamental trial tactics. See *McFall*, 309 Mich App at 383. In other words, defendant's request for substitution of counsel seems to be rooted in defendant's

"general unhappiness with counsel's representation." See *id*. (quotation marks and citation omitted).

Defendant contends there was a breakdown in the attorney-client relationship, but here, the breakdown in the relationship was derived from defendant's noncooperation. See *Traylor*, 245 Mich App at 462. Despite defendant expressing his dissatisfaction with defense counsel, counsel continued to act in defendant's best interests, encouraging defendant to continue with trial rather than to plead guilty. Defendant argues the breakdown of the attorney-client relationship is evidenced by the fact defense counsel suggested defendant put forth an ineffective assistance of counsel claim on appeal. We disagree. Defense counsel only suggested defendant raise an ineffective assistance claim in an attempt to explain to defendant he had an appellate option if he believed defense counsel's representation was ineffective. After the trial court denied defendant's request to halt the trial, defense counsel continued to represent defendant diligently. Furthermore, substitution of counsel in the middle of trial would have unreasonably disrupted the judicial process. See *Buie*, 298 Mich App at 67. On June 14, 2022, defendant was appointed an attorney. Trial was initially set for January 17, 2023, but was adjourned to April 20, 2023. On April 17, 2023, defendant moved to adjourn trial again. On April 19, 2023, the trial court entered an order, substituting defendant's court-appointed attorney with retained counsel. Trial was adjourned again to May 30, 2023. Given the multiple adjournments, it was reasonable for the trial court to want to avoid any further delay in the judicial process, and the trial court did not abuse its discretion by refusing to substitute defendant's trial counsel.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young